UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

LARRY GRINAGE,

           Plaintiff,                      Case No. 1:07-cv-41

v.                                                    Honorable Richard Alan Enslen

GERALD HOFBAUER et al.,

           Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

  I.  Factual allegations

  Plaintiff is presently incarcerated at the Deerfield Correctional Facility. He is serving a twenty-five- to fifty year sentence for one count each of second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b, imposed by the Wayne County Circuit Court in March 1981. Plaintiff states that he was also convicted on two counts of first-degree felony murder, MICH. COMP. LAWS § 750.316(b), and a second count of felony-firearm; but that those convictions were subsequently reversed. (*See* Compl. ¶¶ 15, 22 and pp. 4 n.3, 5 n.4).[1]

  In his *pro se* complaint, Plaintiff sues Deerfield Warden Gerald Hofbauer; the Michigan Parole Board; Michigan Parole Board Chairman John Rubitschun; and Michigan Parole Board Members Miguel Berrious, Charles Braddock, William Reed, and Stephen Marschke. Plaintiff contends that Defendants violated his Fifth and Fourteenth Amendment rights by (1) denying him parole numerous times between 2002 and the present; (2) relying upon his reversed felony murder convictions to deny Plaintiff a parole; and (3) revoking seven years of Plaintiff's earned good time credits, even though Plaintiff has been "misconduct free" since 1995, and without

---

[1] I was unable to locate any decisions in the Michigan Court of Appeals' or the Michigan Supreme Court's online databases reversing these three – or any other – criminal convictions against Plaintiff. That issue is not critical to the disposition I recommend here.

notice or a hearing.[2]  Plaintiff complains that these unconstitutional acts by Defendants have extended his expected November 23, 2003 release date indefinitely.

For relief, Plaintiff seeks a jury trial; a declaration that his rights under state law and the U.S. Constitution have been violated; a declaration that Defendant Hofbauer's actions have been arbitrary and capricious; a declaration that the Parole Board's October 21, 2003 Notice of Action violated due process because it bore only one signature; an order voiding the Parole Board's October 21, 2003 decision null and void; remand to the Parole Board for a full panel review and three signatures; punitive damages; compensatory damages in an amount to be determined at trial; restoration of the revoked good time credits; and immediate discharge.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

---

[2] In a less coherent part of his complaint, Plaintiff appears to also claim that the Parole Board granted him a parole on August 20, 2002, only to revoke his parole that same day based on an arbitrary revocation of seven years of good time credit.  (*See* Compl. ¶¶ 17, 31, 52-54, 56; Compl. Ex. D, pp. 4-6).  However, the August 20, 2002 Parole Board Notices of Decision attached to the complaint show that Plaintiff was denied a parole twice on that date, not that he was granted a parole which was immediately revoked.  (*See* Compl. Ex. D, pp. 4-6).

### A.   **Due process and forfeiture of good time credit**

Plaintiff maintains that Defendants violated his Fifth and Fourteenth Amendment due process rights in unilaterally revoking seven years' worth of earned good time credit. This claim, and Plaintiff's accompanying request for restoration of good time credit and immediate release, are not properly brought under Section 1983. Loss of good time credits is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to the forfeiture of a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus, not a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 486-87, 489 (1973); see also *Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882-84 (E.D. Mich. 2001) (noting, in prisoner habeas corpus action, that under Michigan law providing that good-time credit can be forfeited only for serious misconduct, prison authorities must give notice, a hearing at which prisoner can present evidence, and a written statement of action taken and reasons therefor, prior to forfeiture). A prisoner must exhaust available state-court remedies before bringing a habeas corpus action. 28 U.S.C. § 2254(b)(1); *Preiser*, 411 U.S. at 490-92. For these reasons Plaintiff fails to state a valid due process challenge to the revocation of good time credit.

### B.   **Due process and parole denials**

Plaintiff next contends that Defendants' refusal to grant him a parole multiple times between 2002 and the present have denied him due process under the Fifth and Fourteenth Amendments. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid"

unless the prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court clarified the rule set forth in *Heck* when it held that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). *Wilkinson,* 544 U.S. at 81-82. To the extent that Plaintiff seeks a new parole hearing, under *Wilkinson*, his success in the action would not necessarily demonstrate the invalidity of his continued confinement, thus, his action does not appear to be *Heck*-barred. Nevertheless, assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth below.

Plaintiff's due process claim challenging his parole denials fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole. A prisoner's unilateral expectation, particularly where prison officials retain complete discretion regarding an ultimate determination, does not create a constitutionally protected entitlement or liberty interest. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.*; *Bd. of Pardons v. Allen*, 482 U.S.

369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581, at *1 (6th Cir. Mar. 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Additionally, the

Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake.

Until Plaintiff has served his fifty-year maximum sentence, he has no reasonable expectation of liberty. In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim. *See Haynes*, 1990 WL 41025, at *1. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to consider Plaintiff for parole, therefore, implicates no federal right.

Nor does the presence of specific parole guidelines lead to the conclusion that parole release is mandated upon reaching a "high probability of parole" under those guidelines. As stated by the Court, a state's scheme may be specific or general in defining the factors to be considered by the parole authority without necessarily mandating parole. *Greenholtz*, 442 U.S. at 7-8. At the time that *Sweeton* was decided, there were statutory factors to be considered by the parole board. *See Sweeton*, 27 F.3d at 1164 n.1 (noting that MICH. COMP. LAWS § 791.235 listed " a large number of factors to be taken into account by the board.") Although the current parole guidelines may be more detailed than the former statutory provision, they are still nothing more than factors that are considered by the board in assessing whether parole is appropriate. The fact that the Michigan Parole Board must follow their own procedural statutes and regulations regarding parole does not raise an issue of federal due process. *Id.* at 1165. This is particularly so in light of the fact that the guidelines do not state that the prisoner "must" or "shall" be paroled if the prisoner scores in a certain category; rather, the guidelines still speak in terms of probability, thus leaving the ultimate

determination of parole release with the parole board. In an unpublished decision, the Sixth Circuit has found that where the ultimate decision regarding parole rests with the parole board, a prisoner has no protectable interest in a system which determined a "grid score" for when he would be eligible for parole. *Moran*, 1996 WL 304344, at *2; *accord Aqeel v. Dallman*, No. 90-3459, 1991 WL 7102, at *1 (6th Cir. Jan. 25, 1991) (where statute and guidelines place parole decision in hands of the board, there is no liberty interest). Because Plaintiff has no liberty interest in being paroled, he fails to state a claim for a violation of his due process rights. *See Sweeton*, 27 F.3d at 1164-65.

        C.     **Due process and reliance upon inaccurate information**

Plaintiff's related claim that Defendants relied upon inaccurate information in denying him parole likewise fails to state a constitutional claim. Even assuming that the parole board did rely on false information, Plaintiff's claim does not present any constitutional violation. *See Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation). Because Plaintiff has no liberty interest in being paroled, Plaintiff cannot show that the false information was relied upon to a constitutionally-significant degree. *See Maiden v. Johnson*, No. 98-1479, 1999 WL 507207, at *1 (6th Cir. June 10, 1999); *Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999); *Perotti v. Marshall*, No. 85-3776, 1986 WL 16695, at *1 (6th Cir. Mar. 14, 1986). Therefore, this assertion fails to state a claim for a violation of Plaintiff's due process rights.

D.   **State-law claims**

Section 1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton,* 27 F.3d at 1166. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)). Therefore, to the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). I therefore recommend that the court dismiss Plaintiff's state law claims without prejudice.

III.   Immunity

Finally, I note as an additional basis for dismissal that, even if Plaintiff had stated any valid claims against Defendant Michigan Parole Board (he does not), that Defendant is absolutely immune. The Michigan Parole Board is part of the Michigan Department of Corrections. MICH. COMP. LAWS § 791.231a(1). Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994).

Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Therefore, the Michigan Parole Board, as part of the Department of Corrections, is immune from injunctive and monetary relief. *See Fleming v. Martin*, No. 01-1422, 2001 WL 1176354, at *1 (6th Cir. Sept. 26, 2001) (Michigan Parole Board entitled to Eleventh Amendment immunity); *Carson v. Parole Bd.*, No. 88-1277, 1988 WL 79688, at *1 (6th Cir. July 27, 1988) (same).

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's claims under the U.S. Constitution be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c); and that his state-law claims be dismissed without prejudice. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date: March 6, 2007     /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).