UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY GRINAGE,                                           Case No. 1:07-CV-41

       Plaintiff,                                    Hon. Richard Alan Enslen

v.

GERALD HOFBAUER, *et al.*,

                                                **OPINION**

       Defendants.          /

        This matter is before the Court on Plaintiff Larry Grinage's Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of March 6, 2007 ("Report"), which recommended dismissal of Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). This Court reviews the Report, Plaintiff's Objection, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

        The Court notes that subsequent to the Report and Plaintiff's Objection, the Court denied Plaintiff's request to proceed *in forma pauperis* for the reason Plaintiff paid his filing fee in full. (*See* Dkt. No. 14). Therefore, to the extent the Report relies upon 28 U.S.C. § 1915(e)(2), the Report is modified to reflect the Court only relies upon 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). Further, to the extent the Report addresses whether there exists a good-faith basis for appeal pursuant to § 1915(a)(3) and a strike for purposes of § 1915(g), the Court will reject these recommendations as they are no longer applicable.

        Plaintiff filed an Amended Complaint with his Objection and asserts the Amended Complaint establishes a claim upon which relief can be granted by establishing "temporal proximity" and "proximate cause" in the case. However, Plaintiff's Amended Complaint fails to correct any of the deficiencies addressed at length in the Report. Plaintiff's claims of Fifth and Fourteenth Due Process

right violations under 42 U.S.C. § 1983 are not saved by the adding more Defendants even further removed from the parole process. Plaintiff's Amended Complaint adds Defendants Jennifer Granholm, Patricia Caruso, James Mcmeekin, Denise Quarles, James Trethway, Jeff Larson, Christopher Chysler, Jesse Rivers, and Carmen Palmer.[1] The addition of these parties in no way detracts from or alters the Report's correct and detailed analysis of Plaintiff's Fifth and Fourteenth Amendment violation claims based on parole denials and forfeiture of good time credits. Therefore, the Court will adopt the Report's analysis here.

In the Amended Complaint, Plaintiff asserts a violation of his Eighth Amendment rights pursuant to § 1983. Plaintiff appears to argue he was subject to cruel and unusual punishment because Defendants denied him parole and confiscated his good time credits. The Eighth Amendment of the Constitution prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. CONST. AMEND. VIII. The Court notes that although Plaintiff uses the phrases "cruel and unusual" and "deliberate indifference," he has not alleged any specific conduct against Defendants relating to these vague claims. A *pro se* complaint that merely names persons as defendants but fails to allege any specific conduct against them is subject to summary dismissal as frivolous. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1994); *Stone-El v. Sheehan,* 914 F. Supp. 202, 205 n.2 (N.D. Ill. 1995); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).

---

[1] Plaintiff also omits previous Defendants Miguel Berrious, Charles Braddock, William Reed, and Stephen Marschke and does not allege any specific acts against them. However, in construing the Amended Complaint liberally as required, the Court will construe the Amended Complaint as a Supplement to the previous Complaint. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff has merely asserted he was denied parole and his good time credits were confiscated; however, there is no case law which has held the denial of parole or good time credits rises to "cruel and unusual punishment," nor can this Court find that a prisoner made to serve his maximum sentence would be subject to "cruel or unusual" punishment. Because § 1983 is a method for vindicating federal rights and it not a source of substantive rights itself, a plaintiff must first identify a constitutional right that was allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff has not established a violation of a right secured by the federal Constitution or laws, and therefore, his 1983 claim fails to state a claim.[2] *See West v. Atkins*, 487 U.S. 42 (1988).

Plaintiff also asserts a claim under Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. Plaintiff appears to argue in the Amended Complaint that Defendants conspired to deprive Plaintiff of his civil rights by way of denying him parole and good time credits earned and also somehow secured a pecuniary gain from these actions. Plaintiff asserts Defendants' conduct constitutes racketeering in violation of RICO. To sustain a RICO claim, Plaintiff must allege he was injured in his business or property. *See Sedima v. Imrex Co.*, 473 U.S. 479, 495 (1985) (quoting 18 U.S.C. § 1962(c)). Plaintiff has failed to allege any harm to a business or property. Moreover, Plaintiff has failed to allege sufficient facts to demonstrate a pattern of racketeering activity, as vague conclusory arguments are insufficient. *See Begala v. PNC Bank, Ohio, Nat'l Assoc.*, 214 F.3d 776, 781-82 (6th Cir. 2000); *see also Johnson v. Voinovich*, 49 Fed. App. 1 at *3 (6th Cir. 2002). Plaintiff's RICO claim is patently frivolous. *See Worthy v. Thornton*, 1998 WL

---

[2]Plaintiff also appears to assert a claim for "unjust enrichment" in his Amended Complaint. The sections of this claim which are intelligible appear to renew his previous arguments for Constitutional violations pursuant to § 1983. These claims have already been properly addressed. To the extent Plaintiff asserts a state law claim for unjust enrichment, such a claim will be addressed *infra*.

939889 at *2 (6th Cir. Dec. 22, 1998) (upholding district court's dismissal of a prisoner's RICO claim as frivolous).  Therefore, Plaintiff fails to state a valid RICO claim.

As all of Plaintiff's federal claims have failed, this Court will decline to exercise jurisdiction over Plaintiff's state law claims.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal law claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (holding district courts should generally decline to exercise supplemental jurisdiction over state law claims when all federal claims are dismissed prior to trial.)

Therefore, the Court will deny Plaintiff's Objection and Accept in part, reject in part, and modify the Report and Recommendation to the extent this Opinion addresses Plaintiff's Amended Complaint.  The Court will dismiss Plaintiff's federal claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A.  The Court will dismiss Plaintiff's state law claims without prejudice.

A Judgment consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    May 4, 2007 |  /s/ Richard Alan Enslen    <br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |